## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ROBERT JACKSON,

                 Plaintiff,

  v.

WATERBURY POLICE DEPT,
LAWRENCE SMITH, and TIMOTHY
KLUNTZ,

              Defendants.

3:11 - CV- 642 (CSH)

June 2, 2014

## RULING ON MOTIONS FOR DISMISSAL OF COMPLAINT

**HAIGHT, Senior District Judge:**

In this *pro se* action, Plaintiff Robert Jackson alleges that Defendant Waterbury Police Department and certain of its officers violated Plaintiff's civil rights during the course of two incidents, the first occurring during the month of October 2009, and the second on December 10, 2011. Plaintiff commenced the action in a Connecticut Superior Court. Defendants removed it to this Court.

It appears that considerable discovery has taken place. The Court has issued several orders with respect to the parties' filing of status reports, so that the case may be placed on the trial calendar. Defendants filed a comprehensive status report on June 18, 2013 [Doc. 33]. Plaintiff has yet to file his status report. The docket entries in the case reflect intermittent difficulties in ascertaining Plaintiff's mailing address.

The present circumstances in the case are these. On October 1, 2013, Defendants filed a

motion to dismiss Plaintiff's complaint [Doc. 37] on the ground that Plaintiff had failed to comply with prior Orders of the Court directing him to file a status report.  Plaintiff did not file a timely response to that motion.  However, on April 2, 2014, Plaintiff did file a motion for voluntary dismissal of the case [Doc. 38].  Plaintiff seeks to explain and excuse his prior non-compliance with the Court's scheduling orders, principally on the basis of difficulty in obtaining or compensating counsel.  Plaintiff's motion prayed for a "voluntary dismissal [of the action] *without prejudice* to refile within 12 months (March 2015), based on the same set of facts."  Doc. 38 at 2 (emphasis added).  Defendants responded to that motion by contending that the dismissal of the action should, in the circumstances of the case, be *with prejudice*.

The issue is governed by Rules 41(a)(2) and 41(b) of the Federal Rules of Procedure.  Defendants having answered the complaint, Plaintiff may dismiss his action only with leave of Court, and on such conditions as the Court deems just.  Fed. R. Civ. P. 41(a)(2).  A complaint is also subject to dismissal for failure to prosecute.  Fed. R. Civ. P. 41(b).  The implementation of these Rules, including whether a complaint should be dismissed with or without prejudice, rests in the discretion of the District Court.  *Beaver Assocs. v. Cannon* 59 F.R.D. 508, 510 (S.D.N.Y. 1973) ("[A] motion by the plaintiff for a voluntary dismissal of a suit, Fed.R.Civ.P. 41(a)(2), calls for the exercise of judicial discretion to avoid an unfair effect on anyone else incident upon such a termination of the suit."); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 158, 165 (S.D.N.Y. 2003) ("The Court has broad discretion to dismiss a complaint under Rule 41(b)," citing *Joseph Muller Corp. Zurich v. Societe Anonyme De Gerance Et D'Armement*, 508 F.2d 814, 815 (2d Cir. 1974)).

In the case at bar, and in the exercise of that discretion, I decline to allow Plaintiff to dismiss

2

his complaint without prejudice to his refiling it, on the same set of facts, as far in the future as March 2015.  That would be unfairly prejudicial to Defendants, who have a legitimate concern in the accessibility to and preservation of evidence concerning events this far in the past.

I also decline to order dismissal of the complaint *with prejudice* at this time.  It is true that Plaintiff has failed to comply with earlier Court orders directing him to file notices of an address change or a status report by specified dates, which included notice to the Plaintiff that failing to comply could result in dismissal of the action for failure to prosecute.  But the record reflects non-delivery of some Court communications to the Plaintiff.  His intermittent incarceration may be a complicating factor.  Indeed, Plaintiff's most recent submission dated March 30, 2014 states that he "is again incarcerated" [Doc. 38, p.1].  The justice of the cause requires that this *pro se* plaintiff be given one more chance to file the status report that proper governance of the case requires both sides to submit.  The report is not a complicated document.  Plaintiff can prepare it *pro se* if he is still without counsel, as appears to be the case.

In these circumstances, Plaintiff is directed to file a status report **on or before June 30, 2014.**  If he fails to do so, the Court will dismiss this action **with prejudice** for failure to prosecute.

The Clerk's Office is directed to send a copy of this Ruling to Plaintiff at the address appearing on Doc. 38, namely: Robert Jackson # 264269, NHCCC 245 Whalley Avenue, New Haven, CT 06511.

In addition, counsel for Defendants are directed to take such separate and private steps as may be necessary to serve upon, and ensure that Plaintiff personally receives,  **a copy of this Order**, and also **a copy of Defendants' Status Report [Doc. 33].**  I make that additional direction so that Plaintiff may have an example of the sort of status report he is required to file.  If Plaintiff fails to

3

file his status report by June 30, 2014, Defendants may resubmit their motion for an order dismissing the complaint with prejudice.   Counsel for Defendants must include in their papers for such a motion, proof that they made service upon Plaintiff of the documents described and in the manner directed by this Ruling.

The pending motions are resolved as follows:

1.  Plaintiff's motion for a conditional voluntary dismissal of the action [Doc. 38] is DENIED.

2. Defendants' motion to dismiss the complaint with prejudice [Doc. 37] is DENIED, without prejudice to renewal in a manner consistent with this Ruling.

It is SO ORDERED.

Dated:   New Haven, Connecticut
             June 2, 2014


                                              _s/Charles S. Haight, Jr._____
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge

4